UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

KEINATH DE'MARIO AVERY

v.                                              CIVIL ACTION NO. 3:12-CV-00056-GHD-DAS

CHRISTOPHER B. EPPS, et al.

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Keinath De'Mario Avery's Objection [14] to the Report and Recommendation of Magistrate Judge David A. Sanders [12], entered in this cause on December 14, 2012. Upon careful *de novo* review of the findings in the Report and Recommendation, the Objection, and the record, the Court is of the opinion that the Magistrate Judge's recommendation is well taken.

Petitioner filed his 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus [1] in this Court on June 6, 2012, wherein he challenges the accuracy of the calculation of his sentence by the Mississippi Department of Corrections. Petitioner seeks the recalculation of his sentence to reflect a credit of trusty status, pre-trial jail time, and a sentence deduction according to applicable state law. The Attorney General filed a Motion to Dismiss [7] the Petition.

On December 14, 2012, the Magistrate Judge entered his Report and Recommendation [12]. The Magistrate Judge recommends that this Court dismiss the Petition without prejudice, because Petitioner did not appeal the decision of the Mississippi Department of Corrections to the state trial court prior to filing his habeas petition in this Court. In his Objection [5], Petitioner argues that the matter can be decided without the need for a hearing and urges the Court to consider the merits of his Petition and not dismiss the Petition on procedural grounds.

Although the Court understands Petitioner desires a timely ruling on his Petition, Petitioner must follow the procedure stated in Section 2254 in order to seek relief in this Court. Specifically, he must exhaust all of his claims in state courts prior to requesting federal collateral relief. *See* 28 U.S.C. § 2254; *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). To satisfy the exhaustion requirement, Petitioner must present his claims to the state's highest court in a procedurally proper manner in order to provide the state court with a fair opportunity to consider and pass upon his claims. *See Soffar v. Dretke*, 368 F.3d 441, 466 (5th Cir. 2004).

Petitioner states that he has sought relief from the Mississippi Department of Corrections, which dismissed his request for relief. *See* § 2254 Petition [1] at 7. Upon review of the record, it is apparent to this Court that Petitioner has attempted to seek relief at the Mississippi Department of Corrections level. However, Petitioner states that he has not sought further review by a state court. *See id.* at 2, 6. Before this Court can consider his Petition, he must seek relief from the state court. *See Sam v. Louisiana*, 409 F. App'x 758, 763 (5th Cir. 2011) ("A federal district court may not adjudicate a habeas petition unless all claims in the petition are exhausted."). Thus, the Court is of the opinion that the Magistrate Judge's Report and Recommendation [12] should be approved and adopted as the opinion of the Court.

This Court instructs Petitioner to first pursue the matter in state court. Once the Petitioner has obtained a ruling from the highest state court, if the Petitioner is not satisfied with the ruling, the Petitioner may then file a Section 2254 Petition with this Court requesting relief.

It is **THEREFORE ORDERED THAT**:

1. the Report and Recommendation [12] of the United States Magistrate Judge dated December 14, 2012, is hereby approved and adopted as the opinion of the Court;

2. the Attorney General's Motion to Dismiss [7] is granted; and

3. Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus [1] is hereby DISMISSED WITHOUT PREJUDICE.

A final judgment in accordance with this order will be issued this date.

It is **SO ORDERED, this**, the 26th day of April, 2013.

_____
SENIOR JUDGE